IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


BENJAMIN F. LUCAS, II          *
                               *
v.                             *      Civil Action No. WMN-13-1225
                               *
NCO FINANCIAL SERVICES, INC.   *
                               *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

Plaintiff alleges that Defendant NCO Financial Systems, Inc.[1] placed numerous calls to his residential telephone in an attempt to collect an alleged consumer debt. Despite his repeated protestations that he did not owe the alleged debt, the barrage of telephone calls continued. Plaintiff filed this action on April 25, 2013, asserting claims under the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 et seq., the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 et seq., and the federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 et seq.

On September 15, 2014, Plaintiff moved to amend his complaint to add a claim under the federal Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. (TCPA). ECF No. 30. Plaintiff maintains that he first became aware of the potential

---

[1] Defendant was incorrectly named in the Complaint as "NCO Financial Services, Inc." In the pending motion to amend the complaint, Plaintiff seeks to correct this misnomer. To the extent amendment is sought for this purpose, it will be granted.

viability of a claim under the TCPA when, in February of 2014, Defendant supplemented its response to Plaintiff's interrogatories and stated that it used a "dialer" to make its calls to Plaintiff.  Plaintiff also suggests that the April 10, 2014, deposition of Greg Stevens, Defendant's corporate designee, provided him further support for a potential TCPA claim.  As characterized by Plaintiff, Stevens testified that Defendant "used an automatic telephone dialing system to initiate telephone calls to Plaintiff for pre-recorded or artificial voice messages."  Id. at 3.  Believing that Defendant's use of an automatic dialing system to make pre-recorded messages to his residential line without his prior consent constitutes a violation of the TCPA, Plaintiff asserts that amendment of his Complaint to add this new claim is warranted.

Defendant opposes the motion to amend first on the ground that the Plaintiff's motion is untimely.  Defendant also asserts that the proposed amendment would be futile in that debt collection calls such as those made to Plaintiff are clearly exempt from the TCPA.  As explained below, the Court finds that amendment would be futile and, therefore, it need not reach the issue of timeliness.

The TCPA makes it unlawful,

> for any person within the United States . . . to
> initiate any telephone call to any residential
> telephone line using an artificial or prerecorded
> voice to deliver a message without the prior express
> consent of the called party, unless the call is
> initiated for emergency purposes or is exempted by
> rule or order by the [Federal Communications]
> Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B).  Paragraph (2)(B) of that section

permits the Federal Communications Commission (FCC) to exempt

from the reach of the TCPA:

> (i) calls that are not made for a commercial purpose;
> and
>
> (ii) such classes or categories of calls made for
> commercial purposes as the Commission determines — (I)
> will not adversely affect the privacy rights that this
> section is intended to protect; and (II) do not
> include the transmission of any unsolicited
> advertisement.

Id. § 227(b)(2)(B).

Pursuant to that authority, the FCC has promulgated a

regulation exempting telephone calls to residential lines using

an artificial or prerecorded voice without prior consent where

the call is "made for a commercial purpose but does not include

or introduce an unsolicited advertisement or constitute a

telephone solicitation."  47 C.F.R. § 64.1200(a)(2)(iii).  Many

courts, including this one, have routinely interpreted this

3

regulation to hold that "debt collection calls to residences, even those made to non-debtors, fit within this exemption." Rantz-Kennedy v. Discover Fin. Serv., Civ. No. CCB-12-2853, 2013 WL 3167912, at *3 (D. Md. June 20, 2013) (collecting cases); see also, Santino v. NCO Fin. Sys., Inc., Civ. No. 9-982, 2011 WL 754874, at *2-*6 (W.D.N.Y. Feb. 24, 2011) (holding that debt collection calls erroneously made to an individual with no connection to the debtor were exempted from the TCPA under 42 C.F.R. § 64.1200(a)(2)(iii)); Anderson v. AFNI, Inc., Civ. No. 10-4064, 2011 WL 1809779, at *11 (E.D. Pa. May 11, 2011) (where plaintiff was the victim of identity theft that resulted in the defendant's debt collection calls, holding that "[c]alls made purely for the purpose of collecting a debt clearly constitute calls 'made for a commercial purpose' that 'do[ ] not include or introduce an unsolicited advertisement or constitute a telephone solicitation,' § 64.1200(a)(2)(iii), whether they are made to a debtor or non-debtor").

In arguing that the calls at issue are not exempted from the TCPA, Plaintiff relies primarily on Watson v. NCO Grp., Inc., 462 F. Supp. 2d 641, 644 (E.D. Pa. 2006). The court in Watson posited that when the FCC promulgated § 64.1200(a)(2)(iii), it made the assumption that debt collection calls would be made only to debtors. By making that assumption, the

4

court concluded that the FCC failed to address the privacy
rights of non-debtors and, on that basis, concluded that §
64.1200(a)(2)(iii) did not apply to calls made to non-debtors.
462 F. Supp. 2d at 644-45.

Watson, however, has been roundly criticized.  In an
argument echoed by Defendant in its surreply, the court in
Santino noted that, "in enacting the TCPA, Congress explicitly
granted the FCC authority to determine 'by rule or order'
whether exempting certain categories of commercial telephone
calls from the statute's requirements will 'adversely affect the
privacy rights that [the TCPA] was intended to protect . . . .'"
2011 WL 754874, at *5 (quoting 47 U.S.C. § 227(b)(2)(B)(ii)(I)).
While acknowledging that "the reasoning in Watson might be seen
as persuasive on a common sense level," the Santino court
concluded that the holding in Watson "fails to accord
appropriate judicial deference to agency rules and orders made
in accordance with the TCPA's clear congressional
authorization."[2]  Id.; see also, Franasiak v. Palisades
Collection, LLC, 822 F. Supp. 2d 320, 325 (W.D.N.Y. 2011)

---

[2] The Santino court also noted, as does Defendant in its
surreply, that federal district courts have no jurisdiction to
make any "ruling regarding the validity of the FCC's rulings on
the scope of the debt collection exemptions," because the Hobbs
Act, 28 U.S.C. § 2342, in conjunction with judicial review
provisions of the Communications Act, 47 U.S.C. § 402(a), vests
federal courts of appeals with exclusive jurisdiction to
determine validity of final orders of the FCC.  Id., at *6.

(agreeing with Santino that "judicial deference to the FCC is warranted, and that this deference favors grouping calls to debtors and nondebtors together under the FCC's commercial calls exception"); Corson v. Accounts Receivable Mgmt., Inc., Civ. No. 13-01903, 2013 WL 4047577, at *9 (D.N.J. Aug. 9, 2013) (observing that "since Watson, the overwhelming majority of district courts . . . have rejected Watson's conclusions and held that erroneous debt collection calls are exempted by § 64.1200(a)(2)(iii) since they are commercial calls that do not include an unsolicited advertisement").

This Court agrees with the vast majority of courts that have found that debt collection calls, whether made to debtors or erroneously made to non-debtors, fall outside the scope of the TCPA.  Thus, amending the Complaint to assert such a claim would be futile and the motion to amend will be denied.

The parties have also filed a Joint Motion to Stay Proceedings to Permit Mediation.  ECF No. 41.  The parties state that they have a settlement conference scheduled before Magistrate Judge Timothy J. Sullivan on April 7, 2015, and request that this matter be stayed to avoid the expenditure of unnecessary time and effort should this dispute be resolved through the settlement process.  That motion will be granted.

Accordingly, IT IS this 10th day of December, 2014, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion for Leave to Amend the Complaint, ECF No. 30, is DENIED, except to the extent that the Complaint shall be amended to properly identify the Defendant as "NCO Financial Systems, Inc.;"

(2) That the Joint Motion to Stay Proceedings to Permit Mediation, ECF No. 41, is GRANTED and this action is hereby STAYED;

(3) That the Parties shall submit a status report to the Court within ten days after the conclusion of the settlement conference with Magistrate Judge Timothy J. Sullivan; and,

(4) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge

7